Dear Ms. Broussard:
You have asked this office to advise you whether an elected member of the Acadia Parish School Board may also hold the full-time appointed position of parish manager. We respond in the negative.
You refer to the individual in question as parish "director of operations". We consider this individual to be the parish manager because the nature of his duties makes these terms synonymous. Pursuant to R.S.33:1236.1, the police jury has the authority to hire a parish manager, as that statute provides:
 The police juries shall have the power and authority to employ a parish manager and an assistant parish manager and to fix their salaries for a term not to exceed that of the police jury, who shall be registered voters in the parish and who may be members of that body, provided that if a member of the police jury be employed as parish manager or assistant parish manager upon a stipulated compensation, such compensation shall be offset by the per diem provided for police jurors under R.S. 33:1233.
Because the position of parish manager is established by state law, the position is considered an appointive office for purposes of our state Dual Officeholding and Dual Employment Law, R.S. 42:61, et seq. R.S. 42:62(2) provides:
 (2) "Appointive office" means any office in any branch of government or other position on an agency, board, or commission or any executive office of any agency, board, commission, or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or of a political subdivision thereof. (Emphasis added).
The position of school board office member is an elected office. The prohibition of potential concern is set forth in R.S. 42:63(D) of the Louisiana Dual Officeholding and Dual Employment Law, R.S.42:61, et seq., providing in pertinent part:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold
another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. (Emphasis added).
"Full time" and "part time" positions are defined in R.S. 42:62(4) and (5), providing respectively:
 (4) "Full time" means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work.
 (5) "Part time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full time.
The parish and the school board are separate political subdivisions as defined by R.S. 42:62(9), stating, in pertinent part:
 (9) "Political subdivision" means a parish, and any other unit of local government, including a school board . . . (Emphasis added).
Thus, R.S. 42:62(D) prohibits the referenced individual from holding elective office as a school board member and a full time appointed position as parish manager. If the latter position is held on a part time basis as defined by law, the prohibition is inapplicable, and both positions could be held concurrently.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
BY: _____________________________________
 KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams